# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JENNIFER LEUNG, | CASE NO. 3:18-cv-05491-RJB |
| Plaintiff, | ORDER |
| v. | |
| THE UNTED STATES, THE UNTED STATES TRUSTEE, NORTH CASCADE TRUSTEE SERVICES, INC., | |
| Defendants. | |

THIS MATTER has not formally commenced, because Plaintiff has not paid the filing fee or been given leave to proceed *in forma pauperis*. *See* Dkt. 2. Plaintiff has until July 19, 2018 to cure this defect, or the case will be dismissed on those grounds. *Id*.

The Court has also reviewed the Proposed Complaint, Dkt. 1, which fails to state a claim. As discussed below, Plaintiff should be given the chance to amend the Proposed Complaint, but if she fails to do so, the case will be dimissed.

ORDER- 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the Proposed Complaint. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

According to the header of the Proposed Complaint, the pleading is a "common law petition for redress of grievance via writ of habeas corpus, administrative law and other challenges." Dkt. 1 at 1. The Proposed Complaint outlines the purported historical origins of the writ of habeas corpus from thirteenth century England through the congressional history of the United States Congress, in what appears to be an attempt to create a habeas corpus claim under common law "for redress against unlawful servitude, confinement, encroachment upon liberties/rights." Under this theory, it appears the Proposed Complaint seeks to strike certain federal and state banking and regulatory statutes as unconstitutional. *See id*. at ¶¶30-46. Plaintiff seeks to vindicate her constitutional rights "to be at liberty, the right to property, the right to contract, the right to be recognize [*sic*] as having obtained the age of majority, the right to be competent." *Id*. at 24. It is alleged that "any restraint" on these rights "is cognizable under the right to petition for habeas corpus." *Id*.

The only fact that appears to pertain to any of the parties directly is a reference to a date in 2017, where, it is alleged: "On or about November 03, 2017 the defendant each of them received a complaint in the form of the dispute to their claims, to the present day there has been not one single response as required by law." *Id*. at ¶47.

**Standard on Review of a Complaint**. Pursuant to Fed. R. Civ. P. 8 (a):

**Claim for Relief**. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

|   |   |
|---|---|
| 1 | (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and |
| 2 | (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. |

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

*Sua Sponte* **Dismissal.** A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

By statute, district courts have jurisdiction to grant a writ of habeas corpus to persons "in custody." 28 U.S.C. §2241. Although not exclusively so, "In England, as in the United States, the chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail." *Jones v. Cunningham*, 371 U.S. 236, 238 (1963).

From the bare facts alleged, it is unclear whether Plaintiff is in formal custody. If not, it is unclear why Plaintiff's circumstances, factually speaking, are custody-like, sufficient to invoke

federal habeas protections. The Proposed Complaint is otherwise full of legal conclusions, jargon, and historical background. As presently alleged, the pleadings do not articulate a set of facts sufficient to state a habeas corpus claim, even when considering the Proposed Complaint with generous liberality. The Proposed Complaint does not allege a set of facts upon which relief can be granted.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Therefore, Plaintiff should be given leave to file a Proposed Amended Complaint, in writing, by July 19, 2018 to cure the failure to state a claim. The failure to file a Proposed Amended Complaint will result in dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

\* \* \*

Accordingly, it is hereby **ORDERED** that:

Plaintiff **IS GRANTED LEAVE** to file a Proposed Amended Complaint, in writing, by **July 19, 2018**, if Plaintiff wishes. The failure to file will result in dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of June, 2018.

ROBERT J. BRYAN
United States District Judge

ORDER- 4